UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL L. SILVER, | ) | CASE NO. 4:24-cv-1164 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MS. J. DILLS, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

## I. BACKGROUND

*Pro se* plaintiff Terrell Silver ("Silver"), an Ohio prisoner formerly incarcerated in the Trumbull Correctional Institution ("TCI"), filed a civil rights complaint against TCI Correctional Officer Dills, Lieutenant D. Scott, and Lieutenant J. Davis. (Doc. 1.) Silver is a frequent filer in this District. Since June 26, 2023, he has initiated six *pro se* actions, four of which have already been dismissed. *See Silver v. O'Donnell, et al.,* No. 1:23-cv-1242-BMB (N.D. Ohio) (dismissed for failure to state a claim); *Silver v. Cuyahoga Cnty., et al.*, No. 1:23-cv-1705-SO (dismissed for lack of subject matter jurisdiction and, alternatively, failure to state a claim); *Silver v. Cuyahoga Cnty.*, No. 1:23-cv-2070-PAG (dismissed for lack of subject matter jurisdiction and, alternatively, failure to state a claim); *Silver v. O'Donnell, et al.*, No. 1:24-cv-215-DAR (pending review); *Silver v. Jecubic, et al.*, No. 1:24-cv-615-BMB (N.D. Ohio) (renewed motion to dismiss filed on 3/31/2025); and *Silver v. Christopher, et al*., No. 1:24-cv-690-DCN (dismissed for failure to state a claim).

Here, Silver asserts claims under 42 U.S.C. § 1983 for "1st Amendment - deni[al of] access to the courts, defamation of character, sexual harassment, [and] sexual discrimination."

(Doc. 1 at ¶ II.B.)[1]  In the Statement of Claim portion of his complaint, Silver simply states:

> I was denied access to my legal mail as well as the courts starting 05/23/24 – 06/11/24 by Officer Ms. J. Dills and Lieutenant Davis.  Lieutenant Ms. D. Scott is an RIB Chairperson who told me "I don't know why you are calling witnesses, when the outcome is going to be the same no matter what."  That's denying me Due Process as well as equal protection of the laws.

(*Id*. at ¶ IV.D.)  In the portion of his complaint where he must explain how each Defendant acted under color of law, Silver states:  "Defendant violated my constitutional rights by defamation of my character, as well as denied me access to the courts and denied me due process, as well as discriminated against me because of my sex and race."  (*Id.* at ¶ II.D.)

Silver seeks $1,000,000.00 in damages for "delaying his civil process" in *Silver v. O'Donnell et al.*, 1:23-cv-1242, $2,000,000 in punitive damages, and other relief.  (*Id*. at ¶ VI.)  He seeks to proceed *in forma pauperis*.  (Doc. 2.)

## II.     STANDARD OF REVIEW

Although the standard of review for *pro se* pleadings is liberal, the principles requiring generous construction of *pro se* pleadings are not without limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  A *pro se* plaintiff must still meet basic pleading requirements, and courts are not required to conjure allegations on his behalf or create claims for him that are not spelled out in his pleading.  *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (holding liberal construction of *pro se* pleadings does not require a court to "guess at the nature of the claim asserted").

Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal district courts are expressly required to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To state a claim on which relief may be granted, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding the dismissal standard from *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Further, to state a claim, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

### III.  ANALYSIS

Upon review, the Court finds Silver's complaint must be dismissed in accordance with § 1915(e)(2)(B). Even liberally construed, it fails to set forth allegations sufficient to give Defendants fair notice of Silver's specific claims against each of them, or the grounds upon which such claims rest. Silver's ambiguous and conclusory references to the First Amendment, due process, equal protection, sexual harassment, and sex discrimination are insufficient to raise a right to relief against any Defendant on any federal (or state) claim above the speculative level. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (holding a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Silver fails to allege facts plausibly suggesting that any Defendant has treated him unlawfully on the basis of his age or sex, that he has been denied

3

access to his legal mail or the courts in violation of the First Amendment in connection with Case No. 1:23-cv-1242 or any other case,[2] or that he has been subjected to disciplinary or other proceedings without due process of law.

Where, as here, a *pro se* plaintiff's complaint fails to set forth facts to support conclusory allegations that various defendants violated his constitutional rights, and fails to allege with any degree of specificity which of the defendants were personally involved in or responsible for each violation alleged, the complaint is subject to dismissal even under the liberal standard afforded *pro se* plaintiffs. *Frazier v. Mich.*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of *pro se* complaint).

### IV. CONCLUSION

Accordingly, Silver's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(2)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: May 1, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

---

[2] To state a First Amendment claim, a prisoner must show that he or she suffered "an actual injury to existing or contemplated litigation which raises nonfrivolous claims." *Courtemanche v. Gregels*, 79 Fed. App'x 115, 117 (6th Cir. 2003). Plaintiff has not demonstrated that he has suffered "actual injury" in connection with Case No. 1:23-cv-1242 or in connection with any other case as a result of a denial of legal mail or resources.